UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:21-CV-139 (WOB-EBA)

JULIE CRUZ                                                        PLAINTIFF

VS.                      **MEMORANDUM OPINION AND ORDER**

STANDARD INSURANCE COMPANY                                        DEFENDANT

Plaintiff Julie Cruz ("Cruz") brought this action for breach of contract against Defendant Standard Insurance Company (Standard). Standard characterizes Cruz's claim as one falling under ERISA, 29 U.S.C.S. § 1001 et seq., permitting its removal to this Court with federal question jurisdiction, although Cruz disputes Standard's characterization. This matter is before the Court on Cruz's Motion to Remand. (Doc. 9). Having reviewed the parties' pleadings, the Court now issues the following Memorandum Opinion and Order.

I. BACKGROUND

St. Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth") sponsors the group long-term-disability plan in question, Group Policy Number 759036-C ("the plan"), and Standard Insurance Company issued and administered the claims under the policy. (Doc. 7, Answer at ¶ 8). Cruz was an

1

insured member of the plan as an employee of St. Elizabeth. (Id. at ¶ 9).

In May 2021, Cruz claimed to have been disabled under the terms of the policy and submitted a claim for benefits. (Doc. 1-3, State Court Compl. at ¶ 11). Standard denied Cruz's claim in September 2021. (Doc. 7, Answer at ¶ 12).

Cruz commenced this action in Boone County on October 7, 2021, characterizing her claim as a state claim for breach of contract. (Doc. 1-3, State Court Complaint at ¶¶ 14-18). Standard thereafter removed the case to federal court on November 2, 2021, characterizing the claim as one under ERISA, 29 U.S.C. § 1001 et seq. (Doc. 1). Cruz filed the immediate Motion to Remand on November 19, 2021. (Doc. 9).

## II. ANALYSIS

The main issue before the Court is whether Cruz's claim sounds under state law as a conventional breach of contract claim, thus requiring remand to state court, or whether the claim arises under ERISA such that the Court has federal question jurisdiction.

The first and fundamental question in every case in federal court is whether jurisdiction exists. *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606 (6th Cir. 1998), *abrogated on other grounds by Thomas v. Miller*, 489 F.3d 293 (6th Cir. 2007). If an action is removed to federal court without subject matter

jurisdiction, however, the action must be remanded to the state court from which it originated. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

ERISA is a federal statutory and regulatory scheme that creates, with preemptive effect, a cause of action to enforce beneficiary rights under certain employment-benefits plans and pensions. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). Thus, if a putative state action falls within the scope of ERISA, federal subject matter jurisdiction exists, and a defendant may remove an action brought in state court to a federal district court. *See id.* at 91-92.

Excluded from the scope of ERISA are "church plans" under the "church-plan exception," which typically applies to plans maintained by churches or church associations for their employees. 29 U.S.C. § 1003(b)(2). If the plan is not established and maintained by a church or association of churches, it may be a "church plan" if it is maintained by an eligible "principal-purpose organization" under a broader statutory definition:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such

3

>    organization is controlled by or associated with a
>    church or a convention or association of churches.

29 U.S.C. § 1002(33)(C)(i). Noting that this provision is a mouthful for lawyers and non-lawyers alike, *Advoc. Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1656 (2017), clarified that the "church plan" exception simply applies to plans established and maintained by (a) a church or association of churches, *or* maintained by (b) an organization with the principal purpose of administering or funding the plan for a church or association of churches. *Id.*; 29 U.S.C. § 1002(33)(C).

The analysis here can be brief. The plan documents show that St. Elizabeth "maintains" the plan in question as sponsor. (*See* Doc. 1-5, Insurance Policy). While it is associated with the Catholic Church, St. Elizabeth is not itself a church or an association of churches. It must, then, qualify as a principal-purpose organization to enjoy the church-plan exception, i.e., its principal purpose must be to maintain a plan or program of benefits on behalf of a church or church association.

"The language of the exemption indicates that a principal-purpose organization is an 'organization' with the 'principal purpose' or 'function' of 'administering' or 'funding'" the plan. *Boden v. St. Elizabeth Med. Ctr., Inc.*, 404 F.Supp.3d 1076, 1092 (E.D. Ky. 2019) (quoting 29 U.S.C. § 1002(33)(C)(i)). This Court in *Boden* discussed the word "purpose," finding it means "[a]n

4

objective, goal, or end; spec., the business activity that a corporation *is chartered to engage in*" and "function" as an "[a]ctivity that *is appropriate to a particular business or profession*." *Id.* (emphasis added) (quoting Black's Law Dictionary (11th ed. 2019)). St. Elizabeth's principal purpose is to provide healthcare according the clear mandate of its articles of incorporation, (*see* Doc. 10-2, Art. of Incorp., Sixth Art.), not to provide benefits to employees of a church. Thus, St. Elizabeth is not a principal-purpose organization.

### III. CONCLUSION

The church-plan exception under ERISA does not apply. The Court has federal question jurisdiction, justifying Standard's removal of the case to this Court. Accordingly, it is **ORDERED** that Cruz's Motion to Remand be, and is hereby, **DENIED**.

This 11th day of January 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

5